UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOPE FAMILY VINEYARDS PTY, LTD., )
            **Plaintiff,** )
             )
v.              )     Case No.  08  C 3246
             )
HOPE WINE, LLC,              )     Judge George W. Lindberg
             )
            **Defendant.** )

## MEMORANDUM OPINION AND ORDER

Defendant Hope Wine, LLC ("Hope Wine") moves this court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court for the Central District of California. For the reasons set forth below, the motion is granted.

*I. RELEVANT FACTS*

Plaintiff Hope Family Vineyards Pty, Ltd. ("Hope Estate") is an Australian company with its principal place of business in Hunter Valley, Australia. Hope Estate operates three vineyards in Australia and produces wine under the trademark and trade name Hope Estate. Since 1999, Hope Estate has extensively advertised, marketed and distributed its wine throughout the United States, including this district. Hope Estate does not have any employees or offices located in Illinois. Hope Estate's wine is exclusively imported and distributed in the United States by Wineseller's Ltd. ("Wineseller"), an Illinois company with its principal place of business in Skokie, Illinois. Wineseller is not a party to this case.

Defendant Hope Wine is a California company with its principal place of business in Costa Mesa, in the Central District of California. In 2007, Hope Wine began selling wine under the name and label Hope Wine. Defendant does not have employees, offices, or distributors

located in this district. Defendant's wine can be purchased from anywhere across the United States via its website. Ninety percent of defendant's wine sales have been in California and only five percent of its wine sales have been made over the Internet.  Hope Wine's records indicate that it made three sales to Illinois residents in 2007 and one sale on May 11, 2008. The latter sale was to Yale Sager, owner of Wineseller.

In its complaint, Hope Estate alleges that beginning in 2007 and continuing to the present, Hope Wine infringed and is continuing to infringe its Hope Estate trademark by advertising and selling wine under the name and label Hope Wine.  In support of that claim, plaintiff attached an e-mail from David Fernandez, a regional manager for Wineseller, as an exhibit to its motion for a temporary restraining order.  Mr. Fernandez lives in the Central District of California and will likely be a trial witness. In his e-mail, Mr. Fernandez indicated that his sales force and potential buyers, all of whom are located in California and Arizona, may have information relevant to this case.

II.  LEGAL ANALYSIS

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N. D. Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more

convenient than the transferor forum. *Id*.

Both parties concede that venue is proper in this court and the Central District of California. Therefore, the court proceeds directly to an analysis of the second factor, whether transfer will serve the convenience of the parties and witnesses. In assessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). First, the court looks to the plaintiff's chosen forum, which is normally accorded deference. In this case, the deference is minimum because plaintiff does not reside in the Northern District of Illinois. *Childress v. Ford Motor Co.*, 03 C 3656, 2003 WL 23518380 at *3 (N.D. Ill. Dec. 17, 2003). The fact that plaintiff's non-party wine distributor is located in this district is not relevant.

The next factor, the situs of the material events, weighs in favor of transfer. "The weight given to plaintiff's choice of forum is lessened if the chosen forum has [a] relatively weak connection with the operative facts giving rise to the claim." *Int'l Truck and Engine Corp. v. Dow-Hammond Trucks, Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002). "In trademark infringement actions, the situs of the injury is the location or locations where the infringing activity takes place, or where the unlawful use of the mark occurs." *Id*. Most of the alleged infringing activity occurred in California because ninety percent of defendant's wine sales have been there. Defendant's wine can be purchased across the United States via its website. However, only five percent of Hope Wine's sales have been made over the Internet and only four sales occurred in Illinois.

California is also the situs of the alleged confusion between the parties' wine. According to Mr. Fernandez's e-mail, his customers in California and Arizona have expressed confusion

about the parties' wine. There is no evidence that Illinois residents have been confused by defendant's alleged infringement of Hope Estate's trademark. Further, the parties advertising and marketing strategies appeared focused on California and the West Coast, not Illinois.

The last two sub-factors, the relative ease of access to sources of proof in both forums and the convenience of the parties in litigating in each respective forum, also weigh in favor of transfer. Hope Wine is headquartered in the Central District of California and all of its evidence, witnesses and sources of proof are located there. Hope Estate is an Australian company. Its employees and corporate officers are located in Australia and will have to travel regardless of whether the case is litigated in this district, or the Central District of California. Traveling to California would be more convenient for Hope Estate's employees because there are direct flights from Australia to California. There are no direct flights from Australia to Chicago;, those flights stop in California.

One of Hope Estate's likely trial witnesses, Mr. Fernandez, lives in the Central District of California. According to Mr. Fernandez, his employees and clients, all of whom live in California and Arizona, also have information relevant to this case and could be trial witnesses. The only likely trial witnesses located in this district are employees of Wineseller. Requiring one or two of Wineseller's employees to travel to California to testify if this case goes to trial, would create far less inconvenience then requiring all of the employees from Hope Wine, Hope Estate and Mr. Fernandez and his employees and clients to travel to the Northern District of Illinois.

Finally, the court must consider whether transfer is in the interest of justice. The interest of justice component of a § 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. In making this determination, the court considers each

proposed forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000). The central claims in this case involve alleged trademark infringement, which is a question of federal law. This court and the Central District of California are equally familiar and capable of deciding federal questions, thus this factor is neutral to the § 1404(a) analysis.

Next, the court considers which proposed district will provide the parties with the fastest progression to trial. The two most relevant statistics are the median months from filing to disposition of a case and the median months from filing to trial. *Amoco*, 90 F. Supp. 2d at 962. In 2007, the median months from filing to disposition was 6.8 in the Central District of California and 6.2 in the Northern District of Illinois. The median months from filing to trial were 21.3 and 29.7, respectively. The median months from filing to disposition were virtually the same in both districts, however, cases proceeded to trial more than eight months faster in the Central District of California. Accordingly, this factor weighs in favor of transfer.

The last interest of justice factor, the desirability of litigating the case in each proposed forum, favors transfer. As stated above, most of the alleged infringing wine sales and confusion related to Hope Estate's trademark occurred in California. Further, neither of the parties are Illinois companies. Defendant is a California company and wine production and sales are far more important to California's economy and its residents than they are to Illinois. This case has virtually no relevance to this district, but has considerable relevance to the Central District of California.

*III. CONCLUSION*

On these facts, the court finds that transfer to the Central District of California pursuant to § 1404(a) is appropriate. Most of the potential trial witnesses and sources of proof reside in the Central District of California. Further, the Northern District of Illinois has minimal connections to this case. It is not the plaintiff's home forum and is not where the majority of the alleged infringement and confusion occurred.

ORDERED: Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [11] is granted. This case is transferred to the United States District Court for the Central District of California.

ENTER: _____
George W. Lindberg
Senior U.S. District Court Judge

DATED: July 11, 2008